IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| VICTORIA OFORIWAH TWUMASI ANKRAH, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STREAMLINE FUNDING, LLC d/b/a FUNDIBLE<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Victoria Oforiwah Twumasi Ankrah (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress

explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply,

the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff bring this action under the TCPA alleging that Streamline Funding LLC d/b/a Fundible ("Defendant") called and sent texted messages to Plaintiff, whose number is on the National Do Not Call Registry. Those calls were made without Plaintiff's prior express consent.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **PARTIES**

6. Plaintiff is a natural person who at all relevant times resided in this District.

7. Defendant is limited liability company headquartered in Austin, Travis County, Texas.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. The Court has specific personal jurisdiction because the Defendant made the telemarketing calls at issue into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were received in this District.

## BACKGROUND

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Plaintiff is the regular and sole user of telephone number (XXX) XXX-7225.

15. Plaintiff uses telephone number (XXX) XXX-7225 as a personal residential number.

16. Plaintiff uses her cell phone number for personal use only as one would use a landline telephone number in a home.

17. Plaintiff uses her cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

18. Plaintiff does not have any other telephone numbers.

19. Plaintiff personally pays for her cell phone plan, and is not reimbursed by a business.

20. Plaintiff has never had her cell phone number associated with a business.

21. Plaintiff has never used her cell phone number in any business or marketing materials.

22. Plaintiff's telephone number has been registered with the National Do Not Call Registry since April 29, 2005.

23. Despite this, Defendant made at least eight calls and sent at least three text messages to Plaintiff in January 2026.

24. Plaintiff first received a text message from Defendant on January 3, 2026 from caller ID (929) 383-6623 which is provided below:



25. Plaintiff then received eight automatically dialed calls from Defendant on January 5.

26. Six of the calls were from caller ID (713) 913-3511.

27. Plaintiff answered four of the six calls from this number, and told Defendant she was not interested, and to stop calling.

28. Plaintiff also received two calls on January 5 from Defendant at a different number—(347) 331-0402.

29. Plaintiff rejected one of the calls, but Defendant left a voicemail on the other call which stated the following:

> Hey Tyler. This is Nick with Fundible. Hope business is going well. Wanted to give you a call to let you know that I received your request for funding and Fundible specializes in more bank-like traditional financing and I would like to discuss this further with you so give me a call back at (347) 331-0402 and we can go over any options you prequalify for. Also will be sending over some information regarding our products to your email. It will come from nick.b@fundible.com. Thanks, Tyler. Have a great day.

30. Plaintiff then received a text message from Defendant that stated the following:



31. Defendant's calls to Plaintiff were made to advertise and market its funding and financing business.

32. The calls were meant for Tyler, someone other than, and unknown to Plaintiff.

33. The calls were made to Plaintiff well over thirty-one days prior to Plaintiff's number being registered on the National Do Not Call Registry.

34. The calls were made to advertise the Defendant's products and services.

35. Plaintiff's privacy has been violated by the above-described telemarketing calls.

36. Plaintiff never provided her consent or requested the calls.

37. Plaintiff did not request information or promotional materials from Defendant.

38. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded. They were not provided legally compliant opt out mechanisms. Furthermore, the calls unnecessarily used power, network resources, tied up landlines from receiving other calls, and wear and tear.

39. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

40. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (XXX) XXX-7225 was registered with the DNC Registry.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates by reference all other paragraphs of the Complaint as if fully stated herein.

42. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

43. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

44. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of

the Class members.

45. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

47. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

48. The class is ascertainable because it is defined by reference to objective criteria.

49. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

50. Plaintiff's claims are typical of the claims of the members of the class.

51. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

52. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

53. Plaintiff suffered the same injuries as the members of the class.

54. Plaintiff will fairly and adequately protect the interests of the members of the class.

55. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

56. Plaintiff will vigorously pursue the claims of the members of the class.

57. Plaintiff has retained counsel experienced and competent in class action litigation.

58. Plaintiff's counsel will vigorously pursue this matter.

59. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

60. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

61. Issues of law and fact common to all members of the class are:

   a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b. Whether Defendant's conduct constitutes a violation of the TCPA; and

   c. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

62. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

63. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

64. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

65. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

66. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

67. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

68. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

69. There will be no extraordinary difficulty in the management of this action as a class action.

70. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

71. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

72. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

73. Defendant's violations were negligent, willful, or knowing.

74. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

75. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Determining that this action is a proper class action;

B. Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

C. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

D. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

E. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

F.	Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

G.	Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

H.	Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

I.	Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

J.	Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 10th day of February, 2026.

*/s/ Valerie Chinn*
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
Direct: 404-955-7732
Email: vchinn@chinnlawfirm.com

Anthony I. Paronich *
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

*\* Pro hac vice application to be filed*