# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

VICTORIA OFORIWAH TWUMASI
ANKRAH, on behalf of herself and
others similarly situated,

    Plaintiff,

v.

STREAMLINE FUNDING, LLC d/b/a
FUNDIBLE

    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:26-cv-00784

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.2, and the Court's order of June 26, 2026, Plaintiff Victoria Oforiwah Twumasi Ankrah ("Plaintiff") and Defendant Streamline Funding, LLC d/b/a Fundible ("Defendant") (collectively, the "Parties") by and through their undersigned counsel, hereby respectfully submit this Joint Preliminary Report and Discovery Plan. The Parties advise that they have not reached an agreement with respect to a discovery plan at this time.

1. **Description of Case:**

   (a)    **Describe briefly the nature of this action.**

   Plaintiff's Statement:

   Plaintiff brings this putative class action alleging that Defendant Streamline

Funding, LLC d/b/a Fundible violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and the Georgia Telephone Solicitations Act, O.C.G.A. § 46-5-27 et seq., by placing telemarketing calls and sending telemarketing text messages to Plaintiff's telephone number despite the number having been registered on the National Do Not Call Registry for many years. Plaintiff alleges that Defendant lacked prior express consent, that Plaintiff had no established business relationship with Defendant, and seeks to certify a nationwide TCPA class together with a Georgia subclass. Defendant has filed a motion to dismiss the First Amended Complaint, which remains pending.

Defendant's Statement:

Defendant disputes the summary provided by Plaintiff above, and the allegations therein, and states that the foregoing summary is not an accurate recitation of the facts or legal issues in this case. Defendant contends that Plaintiff's claims are without merit (both legally and factually), that Plaintiff's First Amended Complaint is deficient and should be dismissed with prejudice for all of the reasons stated in Defendant's Motion to Dismiss (see ECF No. 14 and 17), and denies that it violated the TCPA or any other laws. Defendant also disputes whether Plaintiff has Article III standing to bring her claims, or if this case is appropriate for or capable of class treatment under Rule 23. As Defendant has not yet responded to the complaint, Defendant reserves the right to raise any and all additional available

2

defenses to the claims, or to raise any affirmative claims against Plaintiff.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff contends that Defendant initiated multiple unsolicited telemarketing calls and text messages advertising Defendant's business financing services. Plaintiff alleges her residential cellular telephone number has been listed on the National Do Not Call Registry since 2005, that she never provided consent to receive telemarketing communications from Defendant, and that she repeatedly advised Defendant that she was not interested and requested that the calls stop. Plaintiff further alleges that Defendant nevertheless continued its telemarketing efforts and that the calls and messages were made for the purpose of promoting Defendant's financing products.

Plaintiff disputes Defendant's characterization of the pleadings and its legal assertions regarding the pending Motion to Dismiss. Plaintiff contends that the Amended Complaint adequately alleges that Defendant initiated multiple telemarketing communications promoting its financing services to Plaintiff's residential cellular telephone number, which has been listed on the National Do Not Call Registry since 2005, without Plaintiff's consent. Plaintiff further contends that Defendant's challenges concern legal issues raised in its Motion to Dismiss and do not alter the underlying factual allegations regarding Defendant's telemarketing

3

campaign, the communications Plaintiff received, or Plaintiff's asserted claims.

Defendant's Statement:

Defendant disputes Plaintiff's allegations and denies liability. As set forth in Defendant's pending Motion to Dismiss (see ECF No. 14 and 17), Defendant contends that Plaintiff's First Amended Complaint is deficient, and therefore should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) to the extent that, *inter alia*, (i) text messages are not subject to the TCPA's "Do Not Call" ("DNC") provisions and, therefore, her text-based TCPA claim fails as a matter of law (and she has expressly disclaimed seeking any recovery under the TCPA based on alleged "voice calls" in the Amended Complaint); (ii) Plaintiff has not sufficiently pled a theory of TCPA liability (i.e., direct or vicarious liability) or other key elements of her asserted TCPA claim (i.e., that she received a "telephone solicitation" call or that she personally registered the subject phone number on the National DNC Registry, as the plain language of the statute requires) in accordance with federal pleading standards; and (iii) the asserted state law claim is similarly devoid of supporting facts and would amount to an impermissible double recovery.

**(c)    The legal issues to be tried are as follows:**

1. Whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), and its implementing regulations.
2. Whether text messages are subject to the TCPA's DNC provisions.
3. Whether Defendant is directly or vicariously liable for the communications at issue.
4. Whether Defendant violated the Georgia Telephone Solicitations Act,

4

and/or whether the Court should retain supplemental jurisdiction over Plaintiff's state law claim.

5. Whether Defendant's telemarketing communications constituted telephone solicitations within the meaning of the TCPA and Georgia law.

6. Whether Defendant possessed prior express invitation or permission or an established business relationship with Plaintiff or members of the proposed classes.

7. Whether Defendant acted willfully or knowingly.

8. Whether this action should be certified or is capable of and appropriate for class treatment under Rule 23.

9. Whether Plaintiff has Article III standing.

10. Whether Plaintiff and the proposed class members are entitled to statutory damages, treble damages, injunctive relief, attorney's fees, and costs.

The Parties reserve the right to amend, and/or add to this list of issues to be tried.

**(d)** **The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

(2) Previously Adjudicated Related Cases:

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| x | (1) | Unusually large number of parties |
| | (2) | Unusually large number of claims or defenses |
| x | (3) | Factual issues are exceptionally complex |
| x | (4) | Greater than normal volume of evidence |
| x | (5) | Extended discovery period is needed |
| | (6) | Problems locating or preserving evidence |
| | (7) | Pending parallel investigations or action by government |
| x | (8) | Multiple use of experts |
| | (9) | Need for discovery outside United States boundaries |
| | (10) | Existence of highly technical issues and proof |
| x | (11) | Unusually complex discovery of electronically stored information |

Defendant denies that these factors apply to resolution of Plaintiff's claim. Though the Parties generally agree that this case is complex and that an extended discovery period is warranted should discovery proceed, they have not reached an agreement on a discovery schedule, as discussed in Sections 9 and 10 below.

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:        Anthony Paronich
                                   Paronich Law, P.C.

Lead counsel for Defendant:        Stephen D. Libowsky
                                   Manatt, Phelps & Phillps, LLP

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐  **Yes**        ☒  **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant's Statement: Not at present with respect to Plaintiff's individual claims. Defendant reserves the right to compel arbitration against purported absent class member(s) who were not contacted in error. Defendant states that it does not concede Plaintiff's Article III standing, which relates to the Court's federal subject matter jurisdiction.

**5. The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**<u>Parties to This Action</u>:**

(a)    The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

<u>Defendant's Response</u>: Defendant is unaware of any such parties at this time but reserves the right to seek leave to add any such parties identified.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

*(a)    Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

*(b)    Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

*(c)    Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal,

emergency motions, and motions for reconsideration.

**(d)** ***Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

Plaintiff's Proposed Deadlines:

Plaintiff proposes and requests the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order. Defendant proposes that no such date be set at this time.

Plaintiff proposes and requests the deadline by which the Parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification. Defendant proposes that no such date be set at this time.

Plaintiff proposes and requests the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by 120 days after the Court enters a Scheduling Order.

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by 30 days after the Plaintiff's report; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by 30 days after the Defendant's report.

Defendant's Proposal:

9

Defendant is proposing and requests a discovery stay or in the alternative a bifurcated/phased discovery plan, as discussed in Sections 9 and 10 below, which may impact some or all of the foregoing deadlines, and therefore respectfully requests that no such deadlines be set at this time. Plaintiff opposes a stay or bifurcated/phased discovery.

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Defendant respectfully requests a scheduling conference to address its request to stay discovery and its alternative request for a phased/bifurcated discovery schedule, as discussed in Sections 9 and 10 below, and therefore that no schedule be entered at this time.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the

first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and

11

(5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Plaintiff opposes Defendant's suggestion that discovery should be stayed or bifurcated, as the discovery relevant to the Rule 23 requirements substantially overlaps with the discovery relevant to the merits of Plaintiff's claims, and proceeding with coordinated discovery will avoid unnecessary duplication, delay, and expense.

Defendant's Statement:

Defendant does not agree with Plaintiff with respect to the scope of discovery that may be needed in this case, as reflected above. Defendant is proposing and requests a discovery stay or in the alternative a bifurcated/phased discovery plan, as discussed in Sections 9 and 10 below. Defendant further asserts that Plaintiff, Plaintiff's spouse, members of Plaintiff's household, or persons at her place of business may need to provide testimony, to the extent such persons have or may have relevant information as to the claims and defenses. Defendant further anticipates that evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and with respect to jurisdictional issues, the merits of Plaintiff's underlying claims and Defendant's affirmative defenses thereto (if/when asserted), causation, class certification, class

12

membership and damages. Third party discovery will also be required. Evidence may also include the devices assigned to the subject phone number(s) in the operative Complaint and evidence in the possession of third parties, if any.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those in detail below:**

Plaintiff's Response:

Plaintiff opposes Defendant's request for either a stay or bifurcation of discovery. A stay pending resolution of a Rule 12(b)(6) motion is an extraordinary remedy and is generally inappropriate unless the pending motion is likely to dispose of the entire case. Here, Defendant's Motion to Dismiss presents routine pleading issues that Plaintiff has fully opposed and that do not implicate jurisdiction, immunity, arbitration, or any other threshold issue warranting a departure from the ordinary course of discovery. Moreover, even if the Court were to identify any pleading deficiency, amendment would remain available, further demonstrating that the Motion is not case-dispositive.

Defendant's alternative request to bifurcate discovery fares no better. Although Defendant suggests that individual merits discovery should proceed first,

13

the overwhelming majority of the discovery relevant to Plaintiff's individual claims substantially overlaps with the discovery necessary for class certification. Discovery concerning Defendant's telemarketing campaigns, dialing systems, calling records, consent databases, internal and external do-not-call procedures, policies and procedures, vendor relationships, customer relationship management systems, and suppression practices bear directly on both Rule 23 and the merits. As the Supreme Court has recognized, class certification analysis "will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013).

Courts have repeatedly rejected attempts to artificially separate class and merits discovery for precisely this reason. As the Middle District of Florida observed, "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine." *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, 2011 U.S. Dist. LEXIS 16684, at \*4 (M.D. Fla. Feb. 18, 2011). Likewise, the Advisory Committee Notes to Rule 23 caution courts against "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'" And in *Charvat v. Plymouth Rock Energy, LLC*, the court denied bifurcation in a TCPA action, explaining that "bifurcation would have the opposite effect" of promoting

efficiency.

Defendant's proposal would actually increase litigation costs and judicial involvement. Under Defendant's proposed schedule, the parties would first conduct written discovery, document production, depositions, expert discovery (if necessary), and summary judgment briefing directed solely to Plaintiff's individual claims. If those efforts do not dispose of the litigation, the parties would then repeat much of that same discovery regarding the class claims, requiring additional document requests, additional depositions of many of the same witnesses, renewed expert discovery, and additional dispositive motion practice. That is the opposite of judicial economy. As one court explained in denying a similar TCPA motion, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co.*, 2014 U.S. Dist. LEXIS 130308, at *10 (W.D. Pa. Sept. 15, 2014). Another court similarly observed that requiring witnesses to be deposed twice is "the definition of inconvenience." *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, at *4 (W.D. Pa. Oct. 21, 2014).

Defendant also suggests that limiting discovery to Plaintiff's individual claims will avoid unnecessary expense. But the Federal Rules already provide the mechanism for addressing disproportionate discovery through Rules 26(b)(1) and 26(c). If Defendant believes a particular request is overbroad or unduly burdensome,

15

the parties can meet and confer, narrow the request, or seek targeted protective relief. A blanket stay or wholesale bifurcation is not an appropriate substitute for the proportionality analysis already required by the Federal Rules.

Finally, both a stay and bifurcation would prejudice Plaintiff and the putative class by delaying access to electronically stored information, telemarketing records, vendor records, dialing platform data, consent records, and class-identification evidence that may become unavailable with the passage of time. Courts have recognized that delays increase the risk that witnesses' memories will fade and that electronically stored information necessary to identify class members may be lost or destroyed. See *Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018); *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016). Plaintiff therefore respectfully requests that the Court deny Defendant's request for a stay or bifurcation and instead enter a single scheduling order permitting coordinated merits and class discovery to proceed in the ordinary course.

Plaintiff requests the deadline to complete discovery should be eight months after the Court enters a Scheduling Order.

Defendant's Response:

Defendant disputes Plaintiff's statement above. Defendant respectfully submits and requests that all discovery should be stayed during the pendency of its

16

dispositive motion for the sake of judicial and party economy, as is common in the Eleventh Circuit. *See, e.g.*, *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 2733758, at *2 (M.D. Fla. June 26, 2017) (granting stay of discovery in TCPA case pending ruling on dispositive motion, stating: "delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm."); *Solar Star Sys., LLC v. Bellsouth Telecommunications, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

In fact, the Eleventh Circuit has long held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should .... be resolved before discovery begins" because they present purely legal questions and therefore, "neither the parties nor the court ha[s] any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), *re-affirmed by Rivas v. The Bank of New York Mellon*, 676 F.App'x 926, 932 (11th Cir. 2017) and *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-09 (11th Cir. 2020); *see also Redford v. Gwinnett Cty. Jud. Cir.*, 350 F.App'x. 341, 346 (11th Cir. 2009) (affirming discovery stay). "This rule is particularly appropriate in large putative class action cases such as this wherein Plaintiff seeks a significant swath of documents from multiple entities and the elimination of even one claim could significantly impact

17

the scope of discovery." *Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020) (applying *Chudasama* and its progeny). *See also Tillman v. Ally Fin. Inc.*, 2016 WL 9488774, at *2 (M.D. Fla. Oct. 18, 2016) (staying discovery in a TCPA case during the pendency of dispositive motion and applying, *inter alia*, *Chudasama*); *Padilla v. Porsche Cars N. Am., Inc.,* 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (staying discovery in TCPA case pending resolution of dispositive motion, holding "[t]his Court firmly abides by *Chudasama*'s instructions that discovery should follow the filing of a well-pleaded complaint and that any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible").

Defendant submits and requests in the alternative that, if discovery proceeds, a phased/bifurcated discovery schedule—where the parties would focus for a short period on the merits of Plaintiff's individual claim before moving to class discovery (if at all)—would be more efficient for all concerned, will not prejudice Plaintiff, will avoid prejudice to Defendant, and save judicial resources. Courts in the Eleventh Circuit and elsewhere commonly bifurcate discovery in TCPA cases just like this one for these same reasons, despite any potential "overlap." *See, e.g., Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery in TCPA class action, holding that "bifurcating discovery into two phases … will promote the efficient resolution of this matter," "'has the potential

18

to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery',", and "will cause no significant prejudice to Plaintiff") (quoting *Physicians Healthsource, Inc. v. Janssen Pharms., Inc*., 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)); *Physicians Healthsource, Inc. v. Anda, Inc*., 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (ordering in TCPA case that, "in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" with "a schedule for class certification briefing [to] be set after Defendant's dispositive motion is resolved."); *Moore v. Demand Science Grp, LLC,* 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (entering a bifurcated discovery schedule in TCPA DNC case involving the same counsel, similar to the proposed schedule below, expressing "concern" about possible prejudice to the defendant and the inefficiency in conducting "wholly unnecessary" class discovery should targeted individual discovery show that the named plaintiff had no viable claim, and finding "it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal"); *Cameron v. CHW Group, Inc.,* 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025) (noting that TCPA class actions in general "present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" and efficiencies to be realized by all). *See also Banks, v. Bio Trust Nutrition, LLC*, 2026

19

WL 678871, at *3–4 (D. Colo. Jan. 20, 2026); *Vandersloot v. Charles Baratta LLC,* 2025 WL 2605343, at *4 (E.D.N.Y. Sept. 9, 2025); *Ragsdale v. Harmony Leads, Inc.*, 2025 WL 1617233, at *2 (D. Colo. May 9, 2025); *Paul Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935, at *1 (C.D. Cal. July 14, 2025); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024); *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023); *Osidi v. Assurance IQ,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019); *Leschinsky v. Inter-Continental Hotels Corp.,* 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015); *Degutis v. Fin. Freedom, LLC*, 2013 WL 10207621, at *1–2 (M.D. Fla. Oct. 18, 2013) (each bifurcating discovery in TCPA class actions).

Accordingly, Defendant submits that, should discovery proceed, the Court should enter the following bifurcated discovery schedule (which is similar to the schedule entered by the multiple courts per the decisions cited above):

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) or one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);

- Opening summary judgment motions as to the merits of Plaintiff's

20

individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgment due thirty (30) days after service of opening motions; and

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendant further proposes that either (i) class discovery resume only after the initial discovery period on Plaintiff's individual claims, or (ii) the Court set a further case management conference, at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual claims to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case deadlines. (The latter is what courts have typically done when bifurcating discovery in TCPA cases.)

## 10. <u>Discovery Limitations</u>:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

As noted above, Defendant seeks a discovery stay in accordance with Fed. R. Civ. P. 26(c) or, alternatively, a phased/bifurcated discovery schedule.

(b)    Is any party seeking discovery of electronically stored information?

21

☒    **Yes**        ☐    **No**

**If "yes,"**

**(1)**    The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have discussed the scope of discovery and have agreed to limit the scope as follows: The Parties agree that there is not extensive electronic information relative to this case. The Parties agree however to exchange discovery (if it proceeds) electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the Parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)**    The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The Parties have discussed the scope of discovery and have agreed to limit the scope as follows: The Parties agree that there is not extensive electronic information relative to this case. The Parties agree however to exchange discovery (if it proceeds) electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the Parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11.Other Orders:**

**What other orders do the parties think that the Court should enter under**

**Rule 26(c) or under Rule 16(b) and (c)?**

Defendant requests that the Court stay discovery in accordance with Rule 26(c) or alternatively enter a phased/bifurcated discovery schedule, as set forth in Sections 9 and 10 above. Plaintiff does not agree to such relief.

The Parties intend to seek a protective order of confidentiality.

12.**Settlement Potential:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on July 1, 2026 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                          */s/ Anthony Paronich*

For Defendant:                      */s/ Stephen D. Libowsky*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐    A possibility of settlement before discovery.

☐    A possibility of settlement after discovery.

☐    A possibility of settlement, but a conference with the judge is needed.

☐    No possibility of settlement.

Plaintiff believes there is a possibility of settlement after discovery.
Defendant believes there is a possibility of settlement before discovery.

23

(c)    Counsel ⊠ do ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)    The following specific problems have created a hindrance to settlement of this case.

None at this time.

13. <u>Trial by Magistrate Judge:</u>

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do** ⊠ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this July 6, 2026

<u>/s/ Anthony I. Paronich (with permission)</u>
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*


By: /s/ Stephen D. Libowsky

**MANATT, PHELPS & PHILLIPS, LLP**

24

Stephen D. Libowsky (GA Bar No. 451965)
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
Tel: (312) 529-6300
Email: slibowsky@manatt.com

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned hereby certifies that this document has been prepared in accordance with Local Rule 5.1(C). I have affixed the signature of opposing counsel, with permission for same.

Dated: July 6, 2026                            Respectfully submitted,

*/s/ Stephen D. Libowsky*

Stephen D. Libowsky

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket which served same electronically upon all counsel of record.

Dated: July 6, 2026                            Respectfully submitted,

*/s/ Stephen D. Libowsky*

Stephen D. Libowsky