UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VICTORIA OFORIWAH TWUMASI ANKRAH,

Plaintiff,

v.

STREAMLINE FUNDING, LLC, d/b/a FUNDIBLE

Defendant.

CIVIL ACTION NO.
1:26-CV-00784-JPB

**ORDER**

This matter comes before the Court on Streamline Funding, LLC's ("Defendant") Motion to Dismiss [Doc. 14]. This Court finds as follows:

**BACKGROUND**

Victoria Oforiwah Twumasi Ankrah ("Plaintiff") is the owner of a phone number that she uses for personal, residential use. [Doc. 12, p. 6]. That phone number has been registered on the National Do Not Call Registry since 2005. Id. Plaintiff has no business relationship with Defendant and has never requested any kind of contact or information from Defendant. Id. at 11. Nonetheless, Plaintiff alleges that Defendant called her and sent her various text messages in January 2026. Id. at 7. In total, Plaintiff received at least eight voice calls and at least three text messages. Id. The text messages were addressed to "Tyler," with names on

the messages identifying the senders as employees of "Fundible." Id. at 7–9. The messages contained information about Defendant's offerings, including lines of credit, financing options and the rates available for credit. Id. One of the later text messages said that it was "following up on your business financing inquiry." Id. at 9. At least one of the text messages contained links to pages on Defendant's website, as well as an email address that appears to be hosted by Defendant. Id.

In addition, in the voice calls that Plaintiff answered, the callers identified themselves as employees of Fundible and attempted to discuss financing services with Plaintiff. Id. at 8–10. Plaintiff told the callers she was not interested and to stop contacting her. Id. at 8. After rejecting one call, Plaintiff received a voicemail where the caller identified himself as a Fundible employee and provided the same email address that Plaintiff received in a text message. Id. at 8–9. Plaintiff states that this month of calls and texts represented a "frustrating, obnoxious, annoying . . . nuisance" that "disturbed [her] solitude," invaded her privacy and wasted power as well as network resources. Id. at 11.

On February 10, 2026, Plaintiff initiated this action. [Doc. 1]. She brings suit under the private right of action created in the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), for calls to Plaintiff despite her number being on the Do Not Call Registry. [Doc. 12, pp. 1–3]. Plaintiff also asks the

Court to define a class for her to represent in this action, consisting of individuals with a number on the Do Not Call Registry "who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf" within a period of time. Id. at 12. Defendant filed a Motion to Dismiss, [Doc. 10], and Plaintiff filed an Amended Complaint, [Doc. 12], which is now the operative pleading in this case. On April 22, 2026, Defendant filed the instant Motion to Dismiss [Doc. 14]. The motion is now ripe for review.

## ANALYSIS

### A. Legal Standard

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

**B. Scope of Plaintiff's Claim**

The Amended Complaint discusses the telephone calls Plaintiff received, but it explicitly says that Plaintiff's claims are not based on "voice calls." Specifically, the Amended Complaint says that, "[w]hile the Plaintiff is not pursuing the *voice calls* as a TCPA violation, they are further evidence of the purpose of the Defendant's calls." [Doc. 12, p. 10] (emphasis added). Thus, it appears that the Amended Complaint is predicated on the text messages alone. In response to the motion to dismiss, however, Plaintiff argues that the Amended Complaint actually says the opposite. The response brief says that "the text messages themselves" are "not being pursued as TCPA violations as the Amended Complaint states." [Doc. 15, p. 6]. As stated above, however, this is not what the Amended Complaint says. And, in taking this position, Plaintiff even misquotes the relevant paragraph of her Amended Complaint. Compare id. at 6 n.1 (purporting to quote the Amended Complaint as saying that "[w]hile the Plaintiff is not pursuing the *text* calls as a TCPA violation, they are further evidence of the purpose of the Defendant's calls"

(emphasis added)), with id. at 10 ("While the Plaintiff is not pursuing the *voice* calls as a TCPA violation, they are further evidence of the purpose of the Defendant's calls." (emphasis added)).

While it now appears that Plaintiff wishes to pursue a claim based on voice calls, "plaintiffs cannot amend their complaint through a response to a motion to dismiss." Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th. Cir. 2015) (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009)). This Court's review must be "limited to the four corners of the complaint." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (quoting St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Amended Complaint clearly disclaims reliance on voice calls, and it is this pleading that the Court must consider in ruling on the motion to dismiss.

**C. TCPA Claim**

Because Plaintiff's TCPA claim is based on text messages alone, the Court concludes that it fails as a matter of law. This is because 47 U.S.C. § 227(c)(5) creates a private right of action for individuals who have received "telephone call[s]," and text messages are not telephone calls. While "it was settled law" for a time that text messages were "calls" within the meaning of the TCPA, that rule was based on courts' deference to the Federal Communications Commission's

interpretation of the statute. Radvansky v. 1-800-Flowers.com, Inc., No. 25-CV-2811, 2026 WL 456919 at *3 (N.D. Ga. Feb. 17, 2026) (citing 18 FCC Rcd. 14014, 14115 para. 165 (2003)). Under recent United States Supreme Court decisions, however, "courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146, 155 (2025). Therefore, this Court must determine whether the phrase "telephone call" in 47 U.S.C. § 227(c)(5) includes text messages under ordinary principles of statutory interpretation.

Applying those principles, courts must first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute," and, "[i]f the statute's meaning is plain and unambiguous, there is no need for further inquiry." United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006) (quoting United States v. Fisher, 289 F.3d 1329, 1337–38 (11th Cir. 2002)). Here, "telephone call" has a plain and unambiguous meaning. The plain meaning of the word "call" is an audio communication, not the transmission of a written text message. As one court has noted, "[n]o ordinary user of the English language would write the sentence 'John called Sue' intending to mean 'John sent a text

message to Sue,' nor would any ordinary reader interpret the sentence in that manner." Davis v. CVS Pharm., Inc., 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025). Several courts in this circuit have agreed. See, e.g., Royal v. Ga. CVS Pharmacy, L.L.C., No. 26-CV-01357, 2026 WL 1537161, at *2–4 (N.D. Ga. May 8, 2026); Radvansky v. Kendo Holdings, Inc., No. 3:23-CV-00214, 2026 WL 810929, at *2–3 (N.D. Ga. Feb. 12, 2026); Irvin v. Sonic Indus. Servs., LLC, 3:25-CV-00242, 2026 WL 1098403 at *1–5 (N.D. Ga. Apr. 20, 2026); Radvansky, 2026 WL 456919 at *3–5. Accordingly, because the text messages Plaintiff claims are TCPA violations do not fall within the meaning of "telephone call," the Amended Complaint fails to state a claim.

Aside from the TCPA claim, the Amended Complaint brings a claim under state law. Plaintiff has not argued the Court has diversity jurisdiction as to this claim. Therefore, this Court construes Plaintiff's state law claim to fall under the Court's pursuant to 28 U.S.C. § 1367. Here, as "the district court has dismissed all claims over which it has original jurisdiction," the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367(c)(3). State law claims are best resolved by the courts of the state the law originates from, so the Court will decline to exercise supplemental jurisdiction over that claim. Bagget v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997).

**D. Leave to Amend**

While the Amended Complaint disclaims reliance on voice calls, it is also clear from the response to the Motion to Dismiss that Plaintiff does not wish to pursue that version of her claim. Plaintiff did not request leave to amend, instead arguing that her Amended Complaint said something that it did not. Nevertheless, the Court retains discretion to grant leave to amend sua sponte even when a party has not properly sought leave to amend. Miles v. Carnival Corp., 767 F. Supp. 3d 1368, 1376 (S.D. Fla. 2025).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). And "[g]enerally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). Plaintiff might state a claim based on voice calls, and the Court finds that it is appropriate to grant her leave to amend on that basis. See Mayhew v. Medical Data Sys., Inc., No. 6:25-CV-320, 2026 WL 191969, at *7 (M.D. Fla. Jan. 23, 2026) (sua sponte granting leave to amend where complaint failed to state a claim).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, [Doc. 14], is **GRANTED IN PART**. The Motion is **DENIED IN PART** in that the dismissal is without prejudice. Plaintiff's Amended Complaint is hereby **DISMISSED** without prejudice to filing an Amended Complaint within fourteen days of the date of this Order.

**SO ORDERED** this 29th day of September, 2026.

**J. P. BOULEE**
United States District Judge